Henry v. Lansdown.

LIDE HENRY *et al.*, Respondents, v. W. J. LANSDOWN, Appellant.

**Kansas City Court of Appeals, December 1, 1890.**

**Forcible Entry and Detainer: APPEAL: NEW TRIAL.** It is not a necessary prerequisite to an appeal from the justice of the peace in forcible entry and detainer that the losing party should ask for a new trial under section 2442, Revised Statutes, 1879.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*W. O. Jackson*, for appellant.

The court erred in overruling defendants' motions to dismiss for want of jurisdiction, for the reason that justices of the peace have exclusive original jurisdiction in cases of unlawful detainer until final judgment, unless removed to the upper court by *certiorari* before trial and verdict. R. S. 1879, ch. 33, art. 1, secs. 2419, 2423; ch. 33, art. 2, secs. 2349, 2460; 2 Stark's Digest, p. 207, sec. 71; 3 Mo. App. 549. And the appeal was taken without applying for a new trial, although the statute provides for a new trial in the lower court (R. S. 1879, sec. 2442), and it was, therefore, taken without final judgment. Plaintiff, by failing to apply for *certiorari*, elected to remain in the justice's jurisdiction and could not incumber an upper court until he exhausted his remedy in the original jurisdiction. Cases above cited.

No brief for respondents.

ELLISON, J.—We are asked to decide in this cause whether it be a necessary prerequisite to an appeal from the justice of the peace in forcible entry and detainer that the losing party should ask for a new trial under section 2442, Revised Statutes, 1879. We answer that it is not, The failure to ask for a new trial certainly should not be held to debar the circuit court of jurisdiction of the cause on appeal. The section relating to default, section 3040, is wholly unlike the statute here considered. The judgment is affirmed. All concur.